UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD FEARS, | ) | CASE NO. 1: 09 CV 698 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHELE MILLER, WARDEN, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White, recommending denial of Petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Petitioner has filed objections to the Report and Recommendation (Doc. 12). For the reasons stated below, the Report and Recommendation is ACCEPTED.

**I. Standard of Review**

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the district court reviews *de novo* the portion of a report magistrate judge to which a specific objection is made. The judge may accept, reject, or modify any proposed finding or recommendation. When no objections to a report and recommendation are made, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

**II. Discussion**

The pertinent background in this matter is fully set forth by the Magistrate Judge in his Report and Recommendation. After a jury trial, Petitioner was convicted in Cuyahoga County,

Ohio of the third degree felony, gross sexual imposition. Petitioner was sentenced to five years' imprisonment and found to be a sexual predator. With new counsel, Petitioner appealed to the Ohio Court of Appeals, claiming the trial court abused its discretion in permitting certain evidence and in sentencing him to a five-year maximum prison term. The Court of Appeals affirmed the conviction and sentence on June 2, 2008.

Plaintiff did not pursue a direct appeal to the Ohio Supreme Court. On September 30, 2008, Petitioner, *pro se*, filed a delayed application to reopen his appeal pursuant to Ohio App. R. 26(B), raising different assignments of error than he had raised on direct appeal. He asserted the indictment against him was unconstitutionally vague; his sentence was vindictive; and his classification as a sexual predator was unconstitutional. He claimed ineffective assistance of his appellate counsel in failing to raise these issues on appeal. Further, as cause for his delay (beyond the ninety days allowed to seek reopening), he asserted that his appellate counsel did not inform him of the June 2, 2008 Court of Appeals decision until two months after it was issued. The Court of Appeals denied his request to reopen, finding the failure of appellate counsel to communicate with his client did not constitute good cause.

On November 6, 2008, Petitioner, *pro se*, filed a notice of appeal with the Ohio Supreme Court, raising the same errors and ineffective assistance of his counsel; the Ohio Supreme Court dismissed his appeal as not involving any substantial constitutional question.

Petitioner raises the same issues in his present *habeas* petition. Magistrate Judge White analyzed Petitioner's arguments in a thorough and well-reasoned Report and Recommendation, recommending denial of the petition for a writ.

Magistrate Judge White determined that all of Petitioner's claims are procedurally

defaulted because "Petitioner's ineffective assistance of appellate counsel claim was not raised in a timely manner"; therefore, the claim "is itself defaulted and cannot be used to excuse the default on [Petitioner's] underlying claims." The Magistrate Judge determined that it was not necessary to determine whether Petitioner's counsel's conduct would excuse the procedural default because all of Petitioner's grounds for relief fail on the merits. Specifically, the Magistrate Judge rejected Petitioner's arguments that the indictment against Petitioner was unconstitutionally vague, Petitioner's sentence was vindictive, and Petitioner's sexual predator classification was unconstitutional and should have been tried to a jury.

Petitioner objections generally restate his position that he has meritorious constitutional claims. However, upon *de novo* review, the Court agrees with the determinations of the Magistrate Judge. Magistrate Judge White correctly determined that Petitioner's claims lack merit.

### III. Conclusion

Accordingly, the Report and Recommendation of Magistrate Judge White is hereby accepted, and the findings and conclusions of the Magistrate Judge are incorporated herein by reference.

The petition for a writ of *habeas corpus* is dismissed. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date: March 30, 2010 /s/ *John R. Adams*
JOHN R. ADAMS
United States District Judge